TISCORNIA *v.* BARD.

1. BILLS AND NOTES—CONSIDERATION—BONA FIDES.

Where money which was to be repaid in cash or notes was loaned, and the lender received in repayment the notes sued on before they matured, it is of no consequence, on the question of consideration, that he had no knowledge of the notes in question when the loan was made.

2. SAME—DEFENSE—NOTICE—BONA FIDES.

In an action on promissory notes, the defense that they were to be used as collateral security only is not available, where knowledge of that fact was not brought home to the holder, and where it appears that, in letters written by defendant, he admitted the notes were to be discounted.

3. SAME—BONA FIDES OF HOLDER NOT DEFEATED BY CONJECTURE—DIRECTED VERDICT.

In an action on promissory notes, the *bona fides* of the holder may not be defeated by mere conjecture, surmises, and untenable assertion, and where the evidence on said question was insufficient to take it to the jury, a verdict for plaintiff should have been directed, as requested.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 6, 1927. (Docket No. 36.) Decided October 3, 1927.

Assumpsit by James W. Tiscornia against Charles G. Bard upon promissory notes. Judgment for defendant. Plaintiff brings error. Reversed, and judgment ordered entered for plaintiff.

*Gore & Harvey,* for appellant.

*Marvin J. Schaberg,* for appellee.

SHARPE, C. J. This suit was brought to recover on two promissory notes, one for $1,200, and the other

---

[1]Bills and Notes, 8 C. J. § 704; [2]Id., 8 C. J. §§ 1016, 1026; [3]Id., 8 C. J. §§ 1358, 1376.

for $1,500.    The notes were made payable by defendant to himself, and indorsed by him in blank, and delivered to Corrigan & Company.    Corrigan & Company discounted them at the Hudsonville State Bank, and plaintiff purchased them from the bank.    Plaintiff made proof of his purchase of the notes before maturity, that he paid value for them, and that they had not been paid, and then rested his case.

The defendant set up many defenses:

(1) That plaintiff purchased the notes after they had matured.

(2) That plaintiff was not a *bona fide* holder in due course.

(3) That there was no consideration paid for the notes.

(4) That the notes were obtained by misrepresentation and fraud, and that such facts were known to plaintiff.

(5) That plaintiff received the notes after maturity.

(6) That plaintiff knew there was a good and sufficient defense to the notes, and

(7) That the defendant was an accommodation maker and indorser.

Defendant endeavored upon the trial to support some, or all, of his defenses by his own testimony, and by a protracted cross-examination of plaintiff, Mr. Winslow, the financial agent of plaintiff, and Mr. McEachron, cashier of the Hudsonville State Bank. At the conclusion of the proofs both plaintiff and defendant requested a directed verdict, but these requests were refused, and the *bona fides* of plaintiff were submitted to the jury.    They returned a verdict for defendant.

Defendant gave notice of defenses enough to defeat the notes, but the difficulty is he did not prove them, nor did he prove facts from which inferences might be drawn, supporting his defenses.    We have carefully read the record and briefs, and we are unable to find any evidence which should have gone to the jury on

the question of plaintiff's *bona fides*.   It is not our purpose to discuss defendant's several claims in detail, but content ourselves with a reference to two of them which are typical of the remaining ones.

Counsel argues that there was no consideration paid for the notes because plaintiff loaned Corrigan & Company $15,000, to be repaid in cash or notes, and that plaintiff knew nothing of these notes when the money was loaned.   The proof shows that Corrigan & Company elected to pay plaintiff in notes and delivered to him several notes, including defendant's notes; that this transaction took place before the notes were due, and full value was paid for them.   Under these circumstances it would be of no consequence that plaintiff did not know of defendant's notes when he turned over the money to Corrigan & Company, if he actually took them over as part payment of the loan before they were due.

Again, counsel claims that the notes were to be used only as collateral security.   This might be important if knowledge of that fact had been brought home to plaintiff, but it was not, and, moreover, defendant admitted in two letters written by him that the "notes were to be *discounted* by Corrigan & Company." Counsel and his client do not agree upon that point.

Counsel's argument on the testimony is full of conjecture, surmises, and untenable assertion.   It requires something more than this to defeat the *bona fides* of a  plaintiff in a suit to recover on a promissory note. We think the trial court should have directed a verdict for the plaintiff as requested.

The judgment will be reversed and one entered in the trial court for plaintiff for the amount of the notes. Plaintiff will recover his costs of both courts.

SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.   WIEST, J., concurred in the result. BIRD, J., did not sit.