O'NEILL *v.* KUNKLE.

1. EXCHANGE OF PROPERTY—FRAUD—MISREPRESENTATION OF VALUE RELIED ON CAUSE FOR RESCISSION.

In an exchange of city property for acreage, representation by the owners of the acreage that it could be sold for a certain price, and that it was worth a certain amount, largely in excess of actual value, which was relied on by the owners of the city property, was sufficient to sustain a decree rescinding the transaction for fraud, where the owners of the acreage professed expert knowledge of the value, and the owners of the city property replied that they did not know the value, and would rely on said representation.

2. SAME—RESTORATION NOT A PREREQUISITE TO SUIT FOR RESCISSION.
Restoration or an offer to restore property received in an exchange of property is not necessary before bringing suit in equity for rescission on the ground of fraud, since the suit proceeds on the theory that there has been no rescission.

3. APPEAL AND ERROR—MODIFICATION OF DECREE.
A decree for plaintiffs for the rescission of an exchange of property, which failed to provide for the cancellation of a contract on land given by defendants to plaintiffs, is modified, on appeal, to so provide.

4. COSTS—MODIFICATION OF DECREE—FAILURE TO CALL OVERSIGHT TO COURT'S ATTENTION.
Where a decree for plaintiffs rescinding an exchange of property was noticed for settlement, and the fact that, by oversight, it failed to provide for the cancellation of a land contract given by defendants to plaintiffs was not called to the attention of the court below, modification of the decree, on appeal, to so provide, will not carry costs.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted October 5, 1928. (Docket No. 82, Calendar No. 33,708.) Decided December 4, 1928.

Bill by Michael J. O'Neill and another against Edward Kunkle and another for the rescission of a contract for the exchange of real estate on the ground of fraud. From a decree for plaintiffs, defendants appeal. Modified and affirmed.

*Davidow & Davidow,* for plaintiffs.

*William B. Tyson* (*Arlo A. Emery,* of counsel), for defendants.

CLARK, J. Plaintiffs as vendees in a land contract owned a parcel of land in Detroit. Defendants were owners in fee of a piece of land at Lake Orion. They agreed to exchange. Plaintiffs transferred to defendants the interest in the Detroit property and re-

ceived back a land contract for the Lake Orion property at the price of $8,500, of which $3,500 was paid down by the transfer of the Detroit property. The bill is for rescission on the ground of fraud. Plaintiffs had decree. Defendants have appealed.

The facts found by the court in favor of plaintiffs, which finding is well supported by the record, include a representation that the Lake Orion property could be sold upon the market for a certain price and a further representation that such property was worth a certain amount, largely in excess of actual value, defendants having professed expert knowledge of the value, and plaintiffs saying that they did not know the value, but would rely on defendants' representation. These representations, relied on by plaintiffs and proving false, are sufficient to sustain decree rescinding the transaction for fraud. *Pound* v. *Clum,* 204 Mich. 28; *Hammer* v. *Martin,* 205 Mich. 359.

Defendants invoke the rule of rescission applicable in an action at law. This same contention was made in *Witte* v. *Hobolth,* 224 Mich. 286, and thus answered:

"It is said that plaintiff neither restored nor offered to restore to defendant the property received before seeking rescission. Neither was necessary. A bill in equity praying rescission proceeds on the theory that there has been no rescission, not on the theory that rescission has already been accomplished. Were plaintiff to sue at law for the money he paid defendant he should, before suit, restore, or tender restoration of, the property he received that by his own act he thus may have legal right and title to the money. See 9 C. J. p. 1215; *Jandorf* v. *Patterson,* 90 Mich. 40."

The decree does not provide for surrender and cancellation of the land contract covering the Lake

Orion property given by defendants to plaintiffs nor for restoring possession of such property to defendants. The decree may be modified so to provide. This was due we think to oversight and the matter should have been called to the attention of the court on settlement of decree, it not being contended that decree was not properly noticed for settlement, so the modification will not carry costs. We have disposed of all questions presented by appellants.

Decree so modified is affirmed, without costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.