### BALCOM *v.* FORTIN.

BROKERS—EXCHANGE OF PROPERTY—FRAUD—REPRESENTATIONS AS TO VALUE.

> Where, in action for commission on exchange of real estate, defendant claimed recoupment on ground of fraud in misrepresenting value of land, and jury found for plaintiff but made deduction from verdict on account of fraud, which evidence fails to sustain, trial court properly entered judgment for plaintiff for amount of verdict.

Error to Muskegon; Vanderwerp (John), J. Submitted June 11, 1929. (Docket No. 44, Calendar No. 34,220). Decided December 3, 1929. Rehearing denied January 24, 1930.

Assumpsit by Justus M. Balcom against Archie J. Fortin and another for commission on exchange of real estate. From a judgment for plaintiff, defendants bring error. Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Alexis J. Rogoski,* for defendants.

CLARK, J. Plaintiff sued in assumpsit claiming balance due on commission on exchange of real estate $450, insurance premium $16.50, and abstract $6.00, total, $472.50. Defendants with plea gave notice of recoupment claiming damages for fraud in the exchange. The case went to jury, having been instructed, pursuant to agreement of counsel, to designate in their verdict what items were allowed and the amount of each. The jury found for plaintiff, commission $350, insurance premium $16.50, interest $16.54, total, $383.04, from which they deducted $200 damages to defendants for fraud, leaving $183.04 verdict for plaintiff. The finding of the jury taken at face value and not as an attempt at compromise is that the representations of value running into many thousands of dollars were within $200 of what it considered the true value, almost equivalent to a finding of no fraud. On motion for judgment notwithstanding the verdict the court ordered judgment for plaintiff for the total of $383.04, holding that defendants made no case of fraud. Defendants bring error.

Concededly defendants were indebted to plaintiff in the amount of the judgment entered, unless they were defrauded by plaintiff. The question is whether defendants made, under their plea and notice, a case of fraud. There is evidence that plaintiff spoke several times of values. Defendants contend that these were fraudulent representations and actionable under such cases as *Pound* v. *Clum,* 204 Mich. 28; *Hammer* v. *Martin,* 205 Mich. 359; and *O'Neill* v. *Kunkle,* 244 Mich. 653. Plaintiff contends that the statements were mere expressions of opinions and not actionable under *Sutton* v. *Benjamin,* 231 Mich. 153, and authorities there cited. When representations of value, usually regarded as matters

of opinion (35 L. R. A. 418, note) will be held to be statements of fact has been discussed in many cases, some of them above cited, and it would be idle to enlarge such discussion.

It will be without benefit to set forth further the evidence which, under the authorities, shows expression of opinion, not statement of fact, and we are in accord with the trial judge in so holding.

On full consideration of the case we find no error. Judgment affirmed.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.