POLOMS *v.* PETERSON.

1. FRAUD—EVIDENCE SUFFICIENT TO TAKE CASE TO JURY.
   In action for damages for fraud in sale of real estate, testimony as to misrepresentations by defendant, that plaintiffs believed them and relied thereon, and as to damages sustained thereby, *held*, sufficient to take case to jury.

2. SAME—INTENTIONALLY FALSE REPRESENTATIONS—EXPRESSION OF OPINION.
   Although under some circumstances statements of value are only expressions of opinion and may not be made basis of action for fraud, yet where false representation of value is intentionally made to person ignorant of value with purpose that such statement be relied on, the representation is in nature of statement of fact and will support action of fraud.

3. SAME—MATERIAL MISREPRESENTATION.
   Misrepresentation as to volume of trade enjoyed by store on premises sold, which was one of inducements to purchase, was material.

4. ESTOPPEL—RETAINING POSSESSION DOES NOT ESTOP FROM MAINTAINING ACTION FOR FRAUD.
   Purchasers defrauded in sale of real estate are not estopped from recovering damages in action therefor by fact that they retained possession, since they had right of affirming contract and seeking redress in damages.

5. EQUITY—LACHES—LIMITATION OF ACTIONS.
   Laches short of statute of limitations is not defense to action for fraud in sale of real estate.

6. FRAUD—QUESTION FOR JURY.
   Whether purchasers of real estate relied on misrepresentations of seller, *held*, under testimony, question of fact for jury.

7. SAME—TRIAL—INSTRUCTIONS.
   In action for damages for fraud in sale of real estate, court properly charged jury that if plaintiffs recovered it must be on ground of fraud, and fraud must be predicated on exist-

ing facts rather than on promises, and that unless defendant made statements which were false and on which plaintiffs relied then law grants no relief but leaves them in position in which they placed themselves.

Error to Allegan; Cross (Orien S.), J. Submitted October 22, 1929. (Docket No. 73, Calendar No. 34,346.) Decided January 24, 1930.

Case by Max H. Poloms and another against Carl H. Peterson for fraud in the sale of real estate. From a verdict and judgment for plaintiffs, defendant brings error. Affirmed.

*Clare E.* and *Leo W. Hoffman,* for plaintiffs.

*Wilkes & Stone* and *Harry C. Howard,* for defendant.

NORTH, J. In August, 1927, the defendant entered into a contract to sell to plaintiffs ten acres of land located on the shore of Round lake in Allegan county. There was a store building on this property. The contract price was $5,000, on which there was a down payment of $2,000. No further payments were made. In September, 1928, plaintiffs brought this suit to recover damages alleged to have been sustained by reason of defendant having induced plaintiffs by false and fraudulent representations to purchase this property. Plaintiffs had verdict and judgment for $2,500. Defendant reviews by writ of error.

It is first asserted by appellant that the court should have directed a verdict in his favor because there was no evidence to sustain plaintiff's claim for damages, and further, plaintiffs were estopped from recovering by reason of having retained possession of the property. We think the record contains testi-

mony which clearly presented an issue of fact relative to the alleged misrepresentations and as to the plaintiffs having believed them and having relied thereon; and also relative to the damage they sustained. We will not attempt a detailed quotation from the record, but the following is from the testimony of the plaintiff Max Poloms:

"He (defendant) said the place was worth $5,500, * * * there was a good business there and he had all the trade in the neighborhood. * * * He said he took in $40 a day during the summer months, and $100 a day on holidays and $20 a day during the winter. In stating holidays I mean Sundays as well. Mr. Peterson told me the place would easily sell for $5,500 or $6,000, and we wouldn't have any trouble to sell it at that price. He told me the business had been established for years. * * * Mr. Peterson told me the lake front lots ought to easily sell at $250, $200 at the lowest price. * * * He said he was well posted and knew the values of real estate and that I could depend on his word, and I did' depend on his word. I did not depend upon the judgment of anyone else when I purchased the property."

Mrs. Poloms testified substantially as above, and also said: .

"We told' Mr. Peterson we did not know the value of property, and he told us that he was going to deal honestly with us. * * * We finally decided we would take the place, relying upon what Mr. Peterson had said."

Numerous witnesses gave testimony tending to prove that the value of this property as given by the defendant was not in accordance with the fact, and that its value was much less than plaintiffs contracted to pay. Under some circumstances statements of value are only expressions of opinion. Appellant contends that his statements of this character should

be held as a matter of law to have been only expressions of opinion. But under the circumstances disclosed in this record, his statements might well have been found by the jury to have been deliberate misrepresentations made with the intention of deceiving the plaintiffs and as having accomplished that result. The case was submitted to the jury on that theory. It falls within the authority of *Steele* v. *Banninga,* 225 Mich. 547; *Pinch* v. *Hotaling,* 142 Mich. 521; *O'Neill* v. *Kunkle,* 244 Mich. 653; and *Gugel* v. *Neitzel,* 248 Mich. 312, wherein we held:

"It is a settled and salutary general rule that a statement of value is a mere expression of opinion and cannot be made the basis of an action of fraud. But there are exceptions to all generalities. Where a false representation of value is intentionally made to a person ignorant of value, with the purpose that such statement is to be relied upon, the representation is in the nature of a statement of fact and will support an action of fraud."

There was also evidence from which the jury may have found the defendant misrepresented to the plaintiffs the volume of trade enjoyed by the store on these premises. Obviously this was one of the inducements to purchase the property, and representations relative thereto were material.

Defendant's contention that by retaining possession the plaintiffs have estopped themselves from recovering in this suit is not well founded. They had the right of affirming the contract and of seeking redress in damages. Laches short of the statute of limitations is not a defense to an action so brought. *Barnhardt* v. *Hamel,* 207 Mich. 232, and *Haukland* v. *Muirhead,* 233 Mich. 390.

Defendant also claims that the testimony shows plaintiffs did not rely on defendant's representations; but instead inspected the property, exercised

their own judgment, and acted in reliance thereon. As noted above, there was testimony that in deciding to purchase this property, the plaintiffs relied upon what Mr. Peterson had said. A question of fact was presented by such testimony, the issue was submitted, and the jury decided in favor of the plaintiffs. In this connection the court properly charged:

"If the plaintiffs recover here, it must be on the ground of fraud, and fraud must be predicated on existing facts, rather than on promises. * * *

"And unless defendant made statements which were false and on which the plaintiff relied, whereby the plaintiff purchased same, but would not have done so had the misrepresentation not been made to him, then the law does not grant plaintiff relief, but leaves him in the position in which he placed himself."

Numerous errors are assigned on the charge of the court and upon the refusal to give certain of the defendant's requests. We think the charge as given fully and fairly presented the claims of the respective parties and covered defendant's requests sufficiently to fully protect his rights. Much of defendant's criticism of the court's charge is based upon the claim that what defendant said was a mere expression of opinion and not a misstatement of fact, and upon the proposition that plaintiffs' retention of the property had worked an estoppel. These objections have already been covered in this opinion. Consideration has been given to each of appellant's assignments of error, but we find nothing that would justify reversal. The judgment of the lower court is affirmed, with costs to the appellees.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, and Fead, JJ., concurred. McDonald, J., took no part in this decision.