## MONROE *v.* HOFFMAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FRAUD—WAIVER.
    Upon review of question, presented by defendant appealing from an adverse judgment entered after disagreement of jury, that court erred in determining, as a matter of law, that he had waived his right to complain of plaintiff's fraud, testimony is reviewed in light most favorable to defendant and fraud assumed to have been established.

2. FRAUD—DISCOVERY—EXECUTORY CONTRACTS—REMEDIES OF PURCHASER.
    Upon discovery of fraud by purchaser of theater while contract of purchase was executory he could either rescind or affirm and hold vendor for damages but if latter course is pursued purchaser should discontinue his performance of the contract.

3. SAME—DISCOVERY—PAYMENT OF PURCHASE PRICE—WAIVER.
    Purchaser of motion picture theater, who discovered alleged fraud of plaintiff and thereafter made payments on purchase price pursuant to executory contract of purchase, thereby waived right to recover damages from vendor for deception.

4. SAME—DISCOVERY—EXECUTORY CONTRACTS.

    If fraud is discovered while a contract to purchase property is executory, subsequent payment of the purchase price affirms the fraud.

5. SAME—SUBSEQUENT ACTS.

    Subsequent acts in dealing with property and rights acquired by contract may or may not have constituted a waiver depending upon whether done with full knowledge of the fraud and with manifest intention of abiding by the contract and waive all right to recover damages for the deception.

6. SAME—WAIVER—EVIDENCE.

    Purchaser of theater who discovered fraud and made no complaint, but paid substantial sums on executory contract, treated theater as his own, sought extension of time of payment, expressed in writing his intention to perform contract in full and made improvements on the theater *held*, to have waived right to maintain action for original wrong practiced upon him.

Appeal from Berrien; White (Charles E.), J. Submitted April 28, 1936. (Docket No. 151, Calendar No. 38,948.) Decided June 16, 1936.

Assumpsit by Howard C. Monroe against Ernest C. Hoffman for balance due on a contract for purchase of a motion picture theater. Disagreement of jury. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Philip C. Landman* and *Burns & Hadsell,* for defendant.

Toy, J. This is an action to recover the balance due plaintiff from defendant on the purchase price of a motion picture theater located in Buchanan, Michigan. Defendant in his answer claimed that plaintiff misrepresented the deal to him; that as a result he was defrauded; and he seeks to recoup his

alleged resultant damages. Jury trial was had, and at the close of proofs, plaintiff moved for a directed verdict. The motion was taken under advisement by the trial court and the case submitted to the jury. The jury could not agree and was discharged by the court. Thereafter plaintiff again moved for a directed verdict, which was granted, and judgment was entered for him in the sum of $2,818.75. Defendant appeals therefrom.

Appellant presents for review the question of whether the trial court erred in determining, as a matter of law, that the defendant had by his actions waived his right to complain of the alleged fraud upon the part of plaintiff.

The agreement between the parties for the sale and purchase of the theater was executed April 17, 1935. It was in writing and was an executory contract. By its terms, it provided for a down payment of $1,000, and that an additional $2,500 should be paid plaintiff by defendant on or before May 1, 1935, and that of the balance, $3,000 was to be paid in 24 monthly instalments of $125 each, beginning on June 1, 1935, and payable on the first of each month thereafter. As part of the purchase price, defendant agreed to assume and pay $265.44 then owing by plaintiff for air-conditioning equipment installed in the theater.

Defendant paid the $1,000 down payment on April 17, 1935, and took possession of the theater which he proceeded to operate.

Thereafter he discovered, he testified, that plaintiff had misrepresented to him several conditions about the theater relative to the projecting machines, the air-conditioning equipment, structural improvements and the lease, which misrepresentations had caused him to be defrauded. It is not necessary, in view of the question here presented, to

recount the details of the alleged fraud, for we shall, because of the nature of the question involved, consider the testimony in a light most favorable to defendant, and therefore shall, for the purpose of decision, assume the fraud to have been effected.

The defendant testified that he discovered some evidence of the alleged fraud shortly after the consummation of the deal. He testified further that he had full knowledge of the claimed fraud on July 5, 1935, or within three or four days thereafter.

On May 10, 1935, plaintiff left Buchanan and went to California; but before he departed defendant paid him $1,000 of the $2,500 payment due May 1st. Defendant testified that it was understood between plaintiff and himself that he would pay the $1,500 balance of such payment July 1st.

On July 5th defendant wrote to plaintiff as follows:

"Friend Howard:—I am writing to ask you to let the $1,500 that is now due ride along with the monthly payments, that is I mean to pay this $1,500 after the other payments are made as I have had an expense of over $400 sending my wife to Rochester and she must go there again in about three or four weeks for a serious operation which will cost me with all expenses about $750. Now if you can get along without this amount at present I would appreciate it very much as I hate to take a loss on some of my properties or bonds at present. But if you must have it I will have to take quite a loss which I am willing to do. Please let me know by special delivery mail at once as I am going to pay up the entire balance on the cooling system as they wrote me and said they should have been notified of the sale of the theater and would not transfer the notes as they were not transferable. I am having the entire theater painted inside blue and silver and am having a steel canopy over the entire front

figured on this week. Business has been good up to the past week when it turned real hot and the men are not working steady at present. Please let me hear from you by return mail as I expect to make a trip to Rochester with my wife next week.

"Very truly yours,
"E. C. HOFFMAN.

"P. S. Monthly payments have all been placed to your credit."

Plaintiff, on July 12th, wired from Long Beach, California, requesting immediate payment of the $1,500 due.

On July 15th defendant again wrote plaintiff by special delivery mail as follows:

"Dear Howard: It is with regret that I write you without sending the $1,500 due. As I wrote you 10 days ago by special delivery my wife has to undergo a serious operation at Mayo's, Rochester, Minnesota, in which I will have to expend between seven and nine hundred dollars. I want to pay you $500 now and the same amount January 1, 1936, and the other $500 May 1st. In addition your $125 monthly will be paid to the bank here. You will get all of your money and I feel that due to the unfortunate condition of my wife you should give me this extension especially since I will carry out my terms in full. And you will have all of your money. * * * With kindest personal regards."

In reply to the letter of defendant dated July 5th, plaintiff on July 16th, from Long Beach, wired defendant that he could not oblige him as requested and demanded immediate payment of the $1,500 due.

Then occurred the following interchange of telegrams which are self explanatory:

"Buchanan, Michigan, July 17, 1935, H. C. MONROE, Ritz Theatre, Long Beach, California. Impos-

sible to send more than five hundred dollars. Will send balance as per letter of fifteenth or sooner if possible. Wire if you desire the bank or myself to forward the five hundred dollars. E. C. Hoffman."

"July 17th, 1935, 9:32 P. M. Long Beach, California, E. C. Hoffman, Hollywood Theatre, Buchanan, Michigan. Letter July fifteenth received sorry must have fifteen hundred immediately to close deal five hundred no help stop you recall your promise pay full amount July first which is date your band was to release and which I depended on and planned accordingly for another theater therefore I have no alternative but foreclose on your contract which is now in default as I must have theater somewhere to eat stop regret exceedingly necessity for immediate action but matter is serious and has placed me in very embarrassing position stop unless entire fifteen hundred paid to Buchanan Bank by Saturday noon immediate action on default will be instituted wire answer today. H. C. Monroe."

"July 18, P. M. 12:26, 1935. Buchanan, Michigan. H. C. Monroe, Care Ritz Theatre Long Beach, California. Can send one thousand dollars Saturday morning. Wire if acceptable. E. C. Hoffman."

"July 18, 1935, E. C. Hoffman, Hollywood Theatre, Buchanan, Michigan. One thousand okeh Saturday morning providing five hundred reaches here not later next Tuesday noon please wire your definite intentions. H. C. Monroe."

"1935, July 19, Buchanan, Michigan. H. C. Monroe. Care Ritz Theatre Long Beach California. One thousand Saturday morning five hundred ninety days final wire. E. C. Hoffman."

Plaintiff, on July 19th, wrote defendant a letter in which he stated:

"I have your wire of even date, contents of which I am forced to turn down. * * * I have no other al-

ternative but to demand immediate payment of the full amount or take the theater back.''

With reference to this last-above quoted letter, defendant testified:

"*Q.*   Now, Mr. Hoffman was it after you got that letter of July 19th, you paid the $1,500 at the bank?
"*A.*   Yes, sir.
"*Q.*   And you paid that $1,500 did you not, for the purpose of avoiding the threatened legal action?
"*A.*   Yes, sir.
"*Q.*   That was threatened in that letter?
"*A.*   Yes, sir.
"*Q.*   And you paid that also for the purpose of keeping the contract in force and remaining in possession of the theater?
"*A.*   For the time being, yes.''

This was an executory contract.   Defendant had full knowledge of the claimed fraud within three or four days after July 5th.   He had two courses open to him if he decided to take advantage of such fraud: either to rescind; or to affirm and hold plaintiff for damages.   In the event of the latter course, it was his duty to ''stop short'' in the performance of the executory contract, upon discovery of the fraud. Failure to do so amounted to a waiver of the fraud. Payment of the purchase price after discovery of the fraud waived all right to recover damages for the deception.

Mr. Chief Justice POTTER, in *Achenbach* v. *Mears,* 272 Mich. 74, said:

''If the fraud is discovered while the contract is executory, subsequent payment of the purchase price affirms the fraud.   *Foster Machine Co.* v. *Covel Manfg. Co.,* 219 Mich. 455.''

Mr. Justice WIEST, speaking for the court in *Dinius* v. *Bolibrzuch,* 270 Mich. 618, stated:

"Subsequent acts, in dealing with the property and rights acquired by contract may, or may not, have constituted a waiver, depending upon whether done with full knowledge of the fraud and with manifest intention of abiding by the contract, and waive all right to recover damages for the deception. 27 C. J. p. 23."

In the case at bar the defendant, after discovery of the fraud, instead of making complaint thereof, not only made a substantial payment on the executory contract, but as evidenced by his letters and telegrams to plaintiff, he treated the theater as his own; he sought extension of time of payment; he expressed in writing his intent to perform the contract in full; and he made improvements on the theater. His acts definitely indicated his intention to abide by his contract, notwithstanding the fraud. Having, by his actions, and with full knowledge of the claimed fraud, indicated his intention to stand to the contract, he thereby waived the fraud and he cannot now maintain an action for the original wrong practiced upon him. *Van Scherpe* v. *Ulberg,* 232 Mich. 699; *Parkyn* v. *Ford,* 206 Mich. 576; *Foster Machine Co.* v. *Covel Manfg. Co.,* 219 Mich. 455; *Draft* v. *Hesselsweet,* 194 Mich. 604; *Parkyn* v. *Ford,* 194 Mich. 184. See, also, 12 R. C. L. p. 413.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred. EDWARD M. SHARPE, J., did not sit. POTTER, J., took no part in this decision.