### LISOWEK v. BAGOZZI.

1. FRAUD—RESCISSION—AFFIRMANCE OF CONTRACT—DAMAGES—RETENTION OF PROPERTY—LACHES.

One who affirms a contract, induced by fraudulent representations, and seeks to recover the difference between the actual value of the property and the amount paid therefor which it would have been worth if as represented by the seller, may bring an action for the difference at any time within the period fixed by the statute of limitations, retention of the property by the purchaser not being a bar to his bringing such an action and laches short of the statute of limitations no defense (CLS 1956, § 609.13).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur, Fraud and Deceit §§ 207, 227.
"Out of pocket" or "benefit of bargain" as proper rule of damages for fraudulent representations inducing contract. 124 ALR 37.

2. Same—Action for Difference Between Actual and Represent-
   ed Value.
    Purchaser of route of coin-operated shuffleboards for $13,500 who
        discovered that they would not net $1,000 per month as
        represented, after he had paid $5,000 down payment, but
        completed payment upon further representation by defendant
        seller and agent that plaintiff could not rescind such trans-
        action and must complete payment, sell the property and
        sue for the difference and that such was the legal advice
        they had received *held*, entitled to sue within period per-
        mitted by statute of limitations for difference between actual
        value and value it would have had had it been as represented
        (CLS 1956, § 609.13).

Appeal from Wayne; Neuenfelt (Lila M.), J.
Submitted October 8, 1958. (Docket No. 18, Calen-
dar No. 47,367.) Decided December 2, 1958.

Case by Frank Lisowek against Benjamin Bagozzi.
and Frank Stein for damages sustained by reason of
fraud inducing contract of purchase. Declaration
dismissed on motion. Plaintiff appeals. Reversed
and remanded.

*J. Connor Austin (Hugh K. Davidson* and *Joseph
A. Lang,* of counsel), for plaintiff.

*Tilden M. Gallagher,* for defendants.

Dethmers, C. J. Defendant Stein owned a number
of coin-operated shuffleboards located in various
taverns, making up a so-called shuffleboard route.
Acting through his agent, defendant Bagozzi, he
offered the same for sale to plaintiff, representing
that it produced a net monthly income of $1,000.
Plaintiff's declaration alleges that defendants sold
him the machines and route for $13,500, receiving
$5,000 as a down payment, the balance of $8,500
to be paid upon it being demonstrated that the route
would net $1,000 per month. The declaration fur-

ther alleges that plaintiff later learned, from accompanying defendant Stein's employee on 2 occasions while making collections from the machines, that the proceeds from the route fell far short of totalling $1,000 per month; that plaintiff thereupon demanded return of his $5,000 down payment; that defendants refused to return the deposit, telling plaintiff that their agent had consulted with lawyers, stated the facts of the case to them, and been advised by such lawyers that under the law plaintiff could not rescind and recover his down payment, but that his only remedy would be to pay defendants the $8,500 balance, mitigate his damages by selling the route for its true value, and then seek to recover the difference from defendants; that, believing and acting in reliance on such representations and advice, plaintiff paid defendants the $8,500 balance; that subsequent collections disclosed that monthly proceeds from the route totalled only $600 instead of $1,000 as represented. Three days before the statutory 3-year limitation on actions[*] had run plaintiff brought this suit to recover $5,400, alleging that to be the difference between the true value of the property and the amount plaintiff paid therefor, the latter being what the value of the property would have been had its revenues been as represented by defendants. On defendants' motion, the court dismissed plaintiff's declaration for failure to state a cause of action. Plaintiff appeals.

In ordering dismissal, the court stressed plaintiff's making the $8,500 balance payment and retaining the property for 3 years after his discovery that the representations concerning the route revenues were false and fraudulent, and, also, his failure to offer and inability to restore the route to defendants in the same condition as when taken by him.

---

[*] See CLS 1956, § 609.13 (Stat Ann 1957 Cum Supp § 27.605).—
REPORTER.

In this connection, the court cited a line of decisions rendered in rescission cases holding that a plaintiff-buyer must promptly, upon discovering the fraud, rescind and offer return of the purchased property to the defendant-seller. The cases are inapplicable because this is not a rescission case, but one in which plaintiff has affirmed the contract and seeks to recover the damages occasioned by the fraud, in the amount of the difference between the actual value of the property and the amount paid therefor by plaintiff which it would have been worth if as represented by defendants. In such case, the plaintiff may act and bring suit at any time within the period fixed by the statute of limitations. *Alfred J. Brown Seed Co.* v. *Brown,* 240 Mich 569. Retention of the property by plaintiff-purchaser is not a bar to his bringing an action such as this, *Poloms* v. *Peterson,* 249 Mich 306, and laches short of the statute of limitations is no defense. *Barnhardt* v. *Hamel,* 207 Mich 232; *Haukland* v. *Muirhead,* 233 Mich 390.

Defendants rely, however, on such cases as *Monroe* v. *Hoffman,* 276 Mich 281; *Foster Machine Co.* v. *Covel Manfg. Co.,* 219 Mich 455; and *McKinney* v. *Gillmore,* 307 Mich 155, for the proposition that even though this be an action, upon affirmance of the contract by plaintiff, for damages resulting from the fraud, performance by the defrauded party after his discovery of the fraud amounts to affirmance of the fraud; that one discovering that he has been defrauded may either promptly rescind or elect to affirm the contract and hold the opposite party for damages, but, if he elects the latter course, he must "stop short" in performance of an executory contract upon discovery of the fraud, because further performance by him works a waiver of the fraud. To this, plaintiff responds by urging that his payment of the $8,500 balance after discovery of the fraud was not a waiver of the fraud because he was

induced so to do by the further fraudulent misrepresentation by defendants concerning their alleged consultation with and receipt of advice from attorneys concerning the respective rights and duties of the parties in the case as above mentioned. Defendants answer that this involves, at most, a misrepresentation, not of facts, but as to matters of law upon which, under authorities cited by them, fraud cannot be predicated. Plaintiff contends, however, that this misrepresentation was not only as to matters of law, but also of fact, namely that defendants had consulted with lawyers, fairly stated the facts to them and received from them the *opinion* as represented to plaintiff. Plaintiff also relies on authorities to the effect that even misrepresentations as to matters of law may afford grounds for an action for fraud when the person making such misrepresentations is guilty of other wrongful conduct, such as defendants' pretending to plaintiff here that they had received the legal opinion in question from attorneys, which induces the opposite party to rely and act thereon. *Rosenberg* v. *Cyrowski,* 227 Mich 508; 23 Am Jur, Fraud and Deceit, § 48. We think plaintiff's contentions well-founded.

Reversed and remanded for further pleadings and trial. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.