## NOWICKI v. PODGORSKI.

1. FRAUD—AFFIRMANCE OF CONTRACT—DAMAGES—RESCISSION.
   Purchaser, claiming to have been defrauded by misrepresentation as to volume of business done in grocery purchased and for violation of 4-year agreement not to compete within a radius of 2 miles, could proceed under the executory contract, keep the property, and recover damages in such amount as her proofs might justify, such purchaser not being confined to remedy by way of suit for rescission.

2. SAME—PART PERFORMANCE—DAMAGES.
   A party who is defrauded in the making of a contract and who discovers the fraud after having partly performed may continue with performance and also have his action for damages.

3. SAME—AFFIRMANCE OF CONTRACT—DAMAGES—RETENTION OF PROPERTY—LACHES.
   One who affirms a contract, induced by fraudulent representations,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 24 Am Jur, Fraud and Deceit §§ 190, 216.
   Proceeding under executory contract after discovering fraud as waiver of right to recover damages for the fraud.   13 ALR2d 807.
[3] 24 Am Jur, Fraud and Deceit § 207.
[5] 53 Am Jur, Trial § 463.
[6] 53 Am Jur, Trial § 1043.
[7, 9] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade § 201.
[8] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade §§ 62–66.
   Enforceability of covenant against competition, ancillary to sale or other transfer of business, practice, or property, as affected by territorial extent of restriction.   46 ALR2d 119.
   Enforceability of covenant against competition, ancillary to sale or other transfer of business, practice, or property, as affected by duration of restriction.   45 ALR2d 77.
[10] 53 Am Jur, Trial § 88.
[11] 53 Am Jur, Trial § 556.
[12] 23 Am Jur, Fraud and Deceit §§ 184, 185.

and seeks to recover the difference between the actual value of the property and the amount paid therefor which it would have been worth if as represented by the seller, may bring an action for the difference at any time within the period fixed by the statute of limitations, retention of the property by the purchaser not being a bar to his bringing such an action and laches short of the statute of limitations no defense (CLS 1956, § 609.13).

4. SAME—ESTOPPEL—DAMAGES.
Claim that trial court erred in denying defendant vendors' motion for directed verdict in grocery purchaser's action for damages for fraud *held,* without merit, as plaintiff in continuing to make payments on the executory contract was not estopped to seek damages.

5. SAME—ARGUMENT TO JURY—"STEAL".
Use of the word "steal" by plaintiff's attorney in action for damages for alleged fraud in the sale of a grocery, while arguing to jury and referring to defendants and their counsel, *held,* not to have constituted such prejudicial error as to require the granting of a new trial, where there appears to have been some justification for the argument, defendants' counsel does not appear to have sought a ruling on it, and there was no motion for mistrial, instructions to the jury, or even for the issuance of a reprimand to plaintiff's attorney, it being assumed the jury realized the basis of the comment and were not influenced by it.

6. TRIAL—FRAUD—BREACH OF AGREEMENT NOT TO COMPETE—SEPARATE VERDICTS.
It was not error for trial court in action for damages for fraud in the sale of defendants' grocery to plaintiff to submit claim of plaintiff for fraudulent misrepresentation and for damages for violation of agreement not to compete without having required a separate finding with reference to the respective claims, where both claims were set forth in a single count, no objection was made as to the form of the pleading, and no request made for separate verdicts.

7. CONTRACTS—RESTRAINT OF TRADE—EVIDENCE.
Issue of whether plaintiff purchaser of grocery was damaged by breach of executory contract of purchase forbidding defendant sellers from engaging in competition was properly submitted to jury, under evidence showing defendant husband had served in a competing market within the restricted area.

8. SAME—RESTRAINT OF TRADE—VALIDITY.
Agreement by defendant vendors of grocery business not to en-

gage in competition with plaintiff purchaser for a period of 4 years within a 2-mile radius was valid, since it was for the purchaser's protection and was reasonable as to time and territorial extent (CL 1948, § 445.766).

9. Fraud—Damages—Evidence—Grocery—Restraint of Trade.
Verdict of $7,500 in action for fraud in sale of grocery business and on claim for violation of valid agreement not to compete for 4 years within a 2-mile radius held, supported by evidence. presented, where plaintiff claimed that she and her witness relied on representation that gross weekly retail sales averaged $3,500 rather than defendants' claim they informed plaintiff they had paid sales tax on $6,000 monthly.

10. Trial—Discretion of Court—Protection of Witness.
Remarks of trial judge to appellants' counsel while he was cross-examining plaintiff's witness whose knowledge of the English language was not good held, not to have resulted prejudicially, where it appears the trial judge was exercising a fair discretion by insisting that the witness be treated fairly and was protecting the witness from misleading statements and insinuating questions.

11. Same—Instructions—Inadvertent Remark—Prejudice.
Remark of trial judge in charge to jury that plaintiff had brought the action to recover damages for false pretenses, false representations, and "breach of warranty" held, not to have misled the jury to the prejudice of the defendant vendors of grocery business, where no reference to a warranty was made elsewhere, the remark was made inadvertently, and he was, in fact, referring to the alleged breach of the agreement not to compete with plaintiff.

12. Fraud—Husband and Wife—Contracts—Directed Verdict for Wife.
The trial court was not in error in failing to direct a verdict in favor of defendant wife in action for fraud in sale of grocery business, real estate, and furnishings, fixtures, equipment, and inventory, where the defendants owned the place together, wife was present when misrepresentations were made and apparently made no comment or correction, and had participated in the sale.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 12, 1960. (Docket No. 48, Calendar No. 48,105.) Decided February 25, 1960. Rehearing denied April 11, 1960.

Case by Angeline Nowicki against Walter Podgorski and Sophie Podgorski for damages arising from fraud, misrepresentation, and breach of agreement on sale of grocery and meat business and store property. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Harry N. Grossman,* for plaintiff.

*Riseman, Lemke & Piotrowski (Harry Riseman,* of counsel), for defendants.

CARR, J. This is an action for damages for fraud and misrepresentation allegedly inducing plaintiff to purchase from defendants certain real and personal property. In February, 1954, defendants owned and operated a grocery and meat business located at 13291 Buffalo avenue in the city of Detroit. Plaintiff wished to enter the grocery business, and defendants were willing to sell. Following negotiations between the parties an agreement was entered into under date of February 15, 1954, by the terms of which defendants agreed to sell and plaintiff agreed to purchase the said grocery business, together with the real estate and furnishings, fixtures, equipment, and inventory. The agreed purchase price, excluding the inventory for which plaintiff undertook to pay on the basis of cost to defendants, was the sum of $20,700 with $1,000 payable on the execution of the memorandum of agreement and the further sum of $6,000 upon execution of a land contract and a bill of sale, with the balance payable at the rate of $127 per month, with interest. It was further stipulated that the sum of $1,000 should be paid within 90 days from the date of the proposed land contract.

The record before us indicates that the transaction between the parties was consummated on February 23, 1954, and possession of the store and other prop-

erty was given to plaintiff on March 1st following. Plaintiff made payments in accordance with the contract and carried on the business of selling groceries and meats at retail.

It is the claim of the plaintiff that at the time of her negotiations with defendants the latter represented to her that they were taking in $3,500 per week from their sales, and that they further stated that the building, the fixtures, and the appliances used in connection with the business were in good shape. It was her claim, as set forth in the declaration filed, that she subsequently discovered that such representations were false in that the receipts from the business were not and never had been as represented and did not amount on the average to the sum of $3,500 per week gross, that the fixtures and building were not in the condition stated, and that, in consequence, the property that she had purchased, including the business, was actually worth much less than what its fair value would have been had defendants' statements been true.

The memorandum executed by the parties on February 15, 1954, contained a provision that the defendants should not, either directly or indirectly, engage in a competitive business for a period of 4 years within a radius of 2 miles from the store on Buffalo avenue, or accept employment in a competitive business for such period. Plaintiff alleged in her declaration that the agreement was violated and that, in fact, it was made by defendants without any intention of performing it. Damages were sought therefor as well as for the claimed false representations in connection with the sale, and which plaintiff asserted induced her to buy the property, including the business.

Defendants by answer denied making any misrepresentations as claimed by plaintiff, and further asserted that while defendant Walter Podgorski had

done some work in another store such conduct was not in violation of the agreement, and that no injury resulted to the plaintiff's business in consequence thereof. By way of special defenses defendants' answer alleged that defendant Sophie Podgorski was a married woman and that the consideration for the sale of the premises did not benefit her sole and separate estate, that plaintiff was guilty of laches, that plaintiff by making payments on the land contract after its execution, and, in fact, after the bringing of her action for damages, had waived her alleged cause of action for fraudulent misrepresentations, and that the provision of the contract against defendants' entering into competition with the business sold was illegal and void.

The testimony of the parties, and of their witnesses, on the trial was materially in dispute. Defendants' motion, made at the conclusion of plaintiff's proofs, for a directed verdict was denied, and the jury returned a verdict for plaintiff in the sum of $7,500. Defendants' motion for a new trial was denied. They have appealed, alleging that there were several errors committed during the course of the trial of such nature as to be prejudicial to them, and on the basis of which a new trial should be granted.

The argument is advanced by counsel for appellants that plaintiff was not entitled to maintain her action for damages in view of the undisputed proofs that after learning of the alleged fraud in the inducement of the sale of the property to her she had continued to make payments on the land contract and had continued so to do after starting suit. However, at the time plaintiff claimed she discovered that the representations concerning the business and tangible property were not true the contract between the parties had been performed except as to the making of further payments to the defendants and final convey-

ance on completion thereof. The business had been turned over to plaintiff, and she was engaged in operating it. She made the initial payments. Nothing further remained to be done on the part of defendants other than to receive the amounts stipulated to be paid by the purchaser of the property and to execute a deed of the real estate on the completion of the contract.

Under the circumstances plaintiff was not required to assume the risk of recovering adequate compensation for her damages, and payments made to defendants, in a suit for rescission. Under the rule generally observed in such cases she had the right to proceed under the contract and keep the property, and to recover damages in such amount as her proofs might justify. In accord with the general holding on the subject is *Morman* v. *Harrington,* 118 Mich 623, 628, 629. In determining the legal question as to the rights of a plaintiff under circumstances of the character involved in said case, as well as in the case at bar, it was said:

"Counsel for plaintiff also claim that the defendant, having paid the $50 due on the purchase price of the land, and taken the deed, with knowledge of the fraud, is now estopped from making the defense here set up, as the parties cannot be placed *in statu quo.* This contention cannot be sustained. The defendant by his plea set up the fraud in the transaction, and seeks to recoup his damages by reason of it. He had the right to elect his remedy. If he sought to rescind the contract, there would be some force in the contention made by plaintiff's counsel. That is not what is attempted here by the defendant. He proposes to keep what he has received, and recover the damages he has sustained. This he has the right to do; and the fact that he paid the balance of the purchase money, and received his deed, after the discovery of the fraud, will not estop him from setting up the

fraud in defense to the action. *Warren* v. *Cole,* 15 Mich 265; *Lenox* v. *Fuller,* 39 Mich 268, 273."

The decision in *Morman* v. *Harrington* was approved in the case of *Elson* v. *Harris,* 356 Mich 175, decided June 5, 1959. The question at issue was discussed at some length in an annotation appearing in 13 ALR2d 807. Citing a number of decisions, including *Morman* v. *Harrington, supra,* it was there said (p 815):

"The general rule which prevails in most jurisdictions is that a party defrauded in the making of a contract who discovers the fraud after having partly performed may continue with performance and also have his action in damages. (Whether the further circumstances of a particular case show in fact a waiver of the damage action is a separate question with which this annotation is not concerned, even though it is often difficult to tell which question a court is dealing with.)"

Appellants rely on *Monroe* v. *Hoffman,* 276 Mich 281; *McKinney* v. *Gillmore,* 307 Mich 155; and *Lisowek* v. *Bagozzi,* 354 Mich 398. It may be noted that in *Monroe* v. *Hoffman* defendant, who sought to raise the issue of fraud, undertook, after he learned of the fraud, to obtain a modification of the contract with reference to the time of the making of payments thereunder. If conduct of such nature may properly be regarded as a waiver of the right to claim damages for alleged prior fraud, the decision is not inconsistent with the general rule.

In *McKinney* v. *Gillmore* plaintiff was held entitled to recover on certain promissory notes without reference to defendants' claim of fraud in the inducement to the execution thereof on the ground that she was a holder in due course within the meaning of the negotiable instruments law. The trial court had directed a verdict in plaintiff's favor on the theory that

defendants by their conduct had waived the alleged fraud. It appeared in the case that defendants, with knowledge of the situation involved, had paid 2 of the 5 notes executed by them without raising the question of fraud. It was indicated in the opinion of this Court that the facts supported the action of the circuit court, it being stated in this connection that the directed verdict might have been based on the theory that plaintiff was a holder in due course of the notes on which she brought her action.

In *Lisowek* v. *Bagozzi* it was held that:

"One who affirms a contract, induced by fraudulent representations, and seeks to recover the difference between the actual value of the property and the amount paid therefor which it would have been worth if as represented by the seller, may bring an action for the difference at any time within the period fixed by the statute of limitations, retention of the property by the purchaser not being a bar to his bringing such an action and laches short of the statute of limitations no defense (CLS 1956, § 609.13 [Stat Ann 1957 Cum Supp § 27.605])." Syllabus 1.

It is obvious that this decision cannot be regarded as authority supporting appellants' claim. Further discussion of the cases cited by appellants is not required. Insofar as they suggest the theory that one who is defrauded may waive his right to sue for damages they are not in conflict with the general rule. If either such case is thought to be at variance with *Morman* v. *Harrington, supra,* it has been overruled by *Elson* v. *Harris, supra.* Appellants' claim that the trial court was in error in denying the motion for a directed verdict on the ground that plaintiff by continuing under the contract was estopped to seek damages for the alleged fraud is without merit.

Complaint is also made by counsel for appellants that plaintiff's attorney in his argument to the jury

made remarks concerning defendants and their counsel that constituted prejudicial error. The record indicates that the comments to which objection is urged referred to the fact that the transaction between the parties was consummated on February 23, 1954, but the mutual rights of the parties were not adjusted until March 1st, when plaintiff was given possession. It was the claim of plaintiff's attorney that she had not been fairly treated by being kept out of possession for several days, and in the adjustment on taxes and insurance, as well as in the charging of interest. In the course of his argument counsel used the word "steal." Apparently there was some justification for the argument, but undoubtedly it would have been better had plaintiff's attorney refrained from the use of the obnoxious term quoted. It does not appear, however, that defendants' counsel sought any ruling from the court concerning the remarks. There was no motion for a mistrial, instructions to the jury, or even for the issuance of a reprimand to plaintiff's attorney. It was an incident such as sometimes occurs in the trial of contested cases. Excessive zeal or loss of temper on the part of an attorney during the course of a trial is scarcely conducive to the proper and orderly administration of justice. In the instant case, however, the record before us does not indicate that the matter was of such serious nature as to require the granting of a new trial. It may be assumed that having listened to the testimony the members of the jury realized the basis of the comment and were not influenced in deciding the issues in the case by the unfortunate language of counsel in referring to it.

As before noted, the declaration of the plaintiff, which was set forth in a single count, included a claim for damages because of alleged conduct on the part of Walter Podgorski in working for another

grocery and meat market in violation of the contract. Quite possibly for the sake of clarity such claim for damages might properly have been set up in a second count. It does not appear that any objection was made to the form of the pleading, and the trial judge submitted plaintiff's claims as set forth in her declaration. Appellants now contend that such claim should have been separated from the question of damages for fraud, and a specific finding with reference thereto required. It appears that some suggestion to that effect was made in a colloquy between court and counsel, but no request to charge that separate verdicts should be returned was submitted to the trial judge. We do not think that the court was in èrror in submitting together plaintiff's claims. It does not appear that defendants were prejudiced thereby.

It is also urged that the matter of damages for breach of the agreement on defendants' part that they would not directly or indirectly enter into competition with the business sold to the plaintiff should not have been left to the jury. It is argued in effect that the proofs did not support such claim, and attention is directed to the testimony of defendant Walter Podgorski to the effect that he made no charge for his services in the competing market which was, it appears, located within 2 miles of plaintiff's place of business, that such employment was merely casual, and apparently undertaken as a matter of friendship for the proprietor of the competing store. The fact remains that defendant Walter Podgorski did engage to some extent in the conduct charged against him and his reasons for so doing are not material. The question before the jury was whether plaintiff was damaged by the breach of the contract forbidding such competitive action. Counsel did not ask that a special question be submitted to the jury in this respect nor may it

be said with any measure of certainty that the jury actually allowed damages on such score. It was, however, under the proofs introduced on behalf of plaintiff a matter for determination by the trier of the facts. Defendants' agreement with reference to the matter of competition was designed for the protection of the purchaser of their business and was reasonable as to time and territorial extent. Such an agreement is valid. *Bottomley* v. *Brown,* 188 Mich 134; CL 1948, § 445.766 (Stat Ann § 28.66).

Appellants claim that the verdict returned by the jury, on which judgment was entered, was not supported by the proofs. The testimony of the witnesses in the case was in conflict on material points. Plaintiff's right to recover was properly submitted to the jury, and the amount of the verdict was within the scope of the testimony on the trial. Emphasis is placed by counsel for appellants on the claim that defendants correctly informed plaintiff as to the amount of the sales tax that they were paying each month, and that the amount of such tax indicated a monthly business of approximately $6,000. It is insisted, therefore, that plaintiff could not have been misled by any statement made by either defendant during the course of negotiations that the weekly retail sales of meat and groceries averaged $3,500. Plaintiff claimed on the trial that she relied on the latter statement in making the purchase, and her testimony, as well as that of the witness who accompanied her when she first went to defendants' store to negotiate with them, suggests that she may have concluded that the amount of sales tax actually paid was not commensurate with the volume of business done. The extent to which plaintiff relied on defendants' statements as to the condition of the property, the fixtures, and the appliances was a matter for the jury to determine. Evidently the disputed facts were decided, in large

part at least, in plaintiff's favor. The verdict is not open to attack on that ground.

Appellants have assigned as error certain remarks of the trial judge directed to counsel during the course of cross-examination of a witness for plaintiff. It appears from the record that the attorney was attempting to impeach the witness by showing statements that he had made previously, claimed to have been at variance with his testimony on the trial. The judge interrupted the proceeding by directing the attention of counsel to the fact that the witness' knowledge of the English language was apparently not good and that he was not able to think quickly and express himself in English. On another occasion, when a second interruption occurred, counsel was apparently endeavoring to show that the witness had some interest in the business that plaintiff had purchased from defendants. From our examination of the record we are not prepared to say that appellants were prejudiced by these occurrences. Apparently the trial judge considered that it was his duty to protect the witness against misleading statements and insinuating questions. He did not exceed his proper functions in insisting that the witness in question be treated fairly, and was entitled to exercise a fair discretion under the facts as they appeared to him. It was his duty to see that, if possible, the case proceeded in an orderly way to the end that the rights of the parties concerned might be properly determined.

In the charge to the jury the trial judge, after advising as to the nature of the issues presented, stated that the plaintiff had brought the action to recover damages for false pretenses, false representations, and "breach of warranty." It is claimed on behalf of appellants that the reference to a claim for breach of warranty was erroneous and might have misled the jury. The term was not used else-

where in the charge, nor was there any claim in the case with reference to a warranty that the defendants might have made. It is a fair conclusion that the word was inadvertently used, and that the judge was in fact referring to the alleged breach of the agreement not to enter into competition in any way with plaintiff in the conduct of the business purchased by her. It is scarcely conceivable that the jurors having been specifically advised with reference to the issues presented by the pleadings and the proofs could have been misled to the prejudice of defendants.

The situation is somewhat analogous to that presented in *Rouse* v. *Gross,* 357 Mich 475, 480. There an inadvertent statement was made by the trial judge indicating that the death of an injured party had resulted from the alleged negligence of defendant. However, as appeared by other other statements in the charge and by the record in the case, death had not occurred as a result of the injuries for which damages were sought. This Court concluded that the charge as a whole was correct, and that the statement questioned by appellant did not under the circumstances constitute prejudicial error. A like conclusion follows in the case at bar.

It is urged that the trial court was in error in declining to direct a verdict in favor of defendant Sophie Podgorski. It is insisted in her behalf that she did not make the misrepresentations that were the bases of plaintiff's action. However, she was present at the time they were made and apparently made no correction or other comment on the assurances given by her husband to plaintiff with reference to the volume of business done at the store and to the other matters in controversy. It appears from the pleadings that the defendants owned the store together. She participated in the sale. No claim was made that Mrs. Podgorski had personally broken

the agreement with reference to entering into forbidden competition with plaintiff's store. However, she was a party to the agreement, and the undertaking with reference to competition was binding on her. In effect she agreed that neither she nor her husband would be interested directly or indirectly in a competitive business within the limits specified in the contract.

In *Groening* v. *Opsata,* 323 Mich 73, the property sold by defendants to plaintiffs was owned by both of the defendants, who were husband and wife. Both were present when the principal conversation between the parties took place, and neither questioned statements made by the other. It was held, in consequence, that the trial court was not in error in refusing to charge that the husband could not be held liable because of misrepresentations made by his wife, and conversely. It is also true that one who remains silent when fair dealing requires him to speak may be guilty of fraudulent concealment. *Sullivan* v. *Ulrich,* 326 Mich 218, and prior decisions there cited.

We find no reversible error in the case, and the judgment entered in the trial court is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.